# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1828
Filed March 11, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jerell Theodore McKnight,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Adam D. Sauer, Judge.

_____

**APPEAL DISMISSED**

_____

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Greer, P.J., Ahlers, J., and Vogel, S.J.
Opinion by Ahlers, J.

1

**AHLERS, Judge.**

The State charged Jerell McKnight with attempted murder and being a person ineligible to carry dangerous weapons after McKnight shot a man multiple times during a dispute at a liquor store. The parties reached a plea agreement. The State amended the charges to two counts of willful injury resulting in bodily injury in violation of Iowa Code section 708.4(2) (2024), and McKnight pleaded guilty to both amended counts. After being sentenced to concurrent sentences, McKnight filed this appeal. He argues there is not a factual basis for two separate counts of willful injury so the court's failure to merge the two counts into one resulted in an illegal sentence. The State counters, in part, by contending we have no jurisdiction over McKnight's appeal because he has failed to establish good cause to appeal following his guilty plea. *See* Iowa Code § 814.6(1)(a)(3) (negating a defendant's right to appeal following a guilty plea unless the plea is to a class "A" felony or the defendant establishes good cause).

McKnight attempts to frame his argument as a challenge to an illegal sentence, presumably to take advantage of the principle that such challenges can be made at any time, *see State v. Greenland*, 17 N.W.3d 347, 351 (Iowa 2025), and that defendants have good cause to raise sentencing challenges when the sentence imposed is not mandatory nor previously agreed upon, *see State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). But McKnight's argument is actually a repackaging of a challenge to the factual basis for his guilty plea. We have previously rejected such repackaging attempts. *See, e.g.*, *State v. Dock*, No. 21-1218, 2023 WL 3860108, at *3 (Iowa Ct. App. June 7, 2023) (refusing to address a challenge to the factual basis for a guilty plea as an illegal-sentence challenge because the defendant "essentially repackage[d] his factual-basis challenge as a sentencing challenge in an effort to obtain direct review"); *State v. Bundy*, No. 21-1209, 2022 WL 2156162, at *1 (Iowa Ct. App. June 15, 2022).

Before a defendant may challenge the factual basis supporting a guilty plea, the defendant must first challenge the factual basis through a motion in arrest of judgment.[1]  Iowa R. Crim. P. 2.8(2)(d)(1) ("[A]ny challenges to a guilty plea based on alleged defects in the plea proceedings must be raised in a timely motion in arrest of judgment."); *see State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).  Failure to do so "preclude[s] the defendant's right to assert such challenge on appeal."  Iowa R. Crim. P. 2.24(3)(a)(2); *accord* Iowa R. Crim. P. 2.8(2)(d)(3); *see also State v. Hanes*, 981 N.W.2d 454, 462 (Iowa 2022) (dismissing a direct appeal challenging the factual basis of a guilty plea for lack of jurisdiction because the defendant failed to file a motion in arrest of judgment).  Because McKnight failed to pursue a motion in arrest of judgment to challenge his guilty plea, our ability to provide any relief is foreclosed, meaning he has not established good cause to appeal.  *See Treptow*, 960 N.W.2d at 109–10 (recognizing good cause to appeal cannot exist when the reviewing court cannot provide some relief).  We dismiss his appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

---

[1] The requirement to file a motion in arrest of judgment is excused when the defendant is not given an adequate advisory as to the necessity to file such a motion to challenge a plea.  *State v. Hightower*, 8 N.W.3d 527, 536 (Iowa 2024).  But McKnight makes no claim that the advisory he received was inadequate.  And while he filed a motion in arrest of judgment challenging the factual basis for his plea, he withdrew the motion at the sentencing hearing when the district court indicated an intention to address it.  In doing so, his attorney informed the court that the attorney had talked with McKnight and McKnight "understands the consequences of withdrawing this motion and is agreeing to proceed."  On this record, and limiting ourselves to the arguments made, we find the requirement that McKnight file a motion in arrest of judgment to challenge his guilty plea remained in effect.